UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IRON WORKERS OF ST. LOUIS DISTRICT COUNCIL PENSION TRUST, et al., ) ) ) ) Plaintiffs, ) ) vs. ) ) EDWARDS STEEL INC., ) and CHRISTOPHER EDWARDS, ) ) Defendants. ) | Case No.  3:20-MC-0001-JPG-GCS |

## REPORT AND RECOMMENDATION

**SISON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Gilbert C. Sison by United States District Senior Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b) and Local Rule 72.1(a). Based on the following, the undersigned recommends that Judge Gilbert find Defendant Edwards in contempt of court for failure to produce documents and answer questions regarding his assets and award Plaintiff's fees and costs as follows.

A citation respondent who fails to comply with the terms of the citation risks sanctions. *See Mendez v. Republic Bank*, 725 F.3d 651, 662 (7th Cir. 2013). "To hold a party . . . in civil contempt, the district court must be able to point to a decree from the court which set[s] forth in specific detail an unequivocal command which the party . . . in

contempt violated." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999). As the *Jones* court further explained:

> civil contempt proceedings may be classified into two categories. Coercive sanctions, which are really the essence of civil contempt, seek to induce future behavior by attempting to coerce a recalcitrant party or witness to comply with an express directive from the court. Remedial sanctions, by contrast, are backward-looking and seek to compensate an aggrieved party for losses sustained as a result of the contemnor's disobedience of a court's order or decree made for the aggrieved party's benefit. However, irrespective of the nature of the civil contempt, whether it be coercive or remedial, any sanction imposed by the court must be predicated on a violation of an explicit court order.

To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). Again, there is no doubt that an individual officially responsible for a corporation's compliance with a court order may be punished for contempt if he fails to act appropriately. *See Tranzact Technologies, Inc. v. 1Source Worldsite*, 406 F.3d 851, 856 (7th Cir. 2005); *Connolly v. J.T. Ventures*, 851 F.2d 930, 935 (7th Cir. 1988); *Shales v. Lanas Construction, Inc.*, No. 07-C-2970, 2010 WL 3842362, at *8 (N.D. Ill. Sept. 24, 2010).

On March 8, 2020, Plaintiffs served two citations on Edwards, individually, and as

the President of Edwards Steel Inc. (Doc. 12-1, 12-2).[1] On April 28, 2020, the Court issued an Order continuing the citations to discover assets and commanding Defendants to produce the records requested in the citations previously issued on March 8, 2020 by May 15, 2020. (Doc. 13). Thereafter, On June 24, 2020, the undersigned granted Plaintiffs' motion for show cause order as to why Defendant Edwards should not be held in contempt and issued a Show Cause Order directing Defendant Edwards to attend the citations to discover assets hearing on July 16, 2020. (Doc. 15). Specifically, the Show Cause Order stated:

> Christopher Edwards is ordered to appear before this Court on July 16, 2020, at 1:30 p.m. and show cause as to why he should not be held in contempt for failing to comply with the Citation in Supplemental Proceedings to Discover Assets issued to him and the Citation in Supplemental Proceedings to Discover Assets issued to Edwards Steel, Inc. by the Clerk of the United States District Court of the Southern District of Illinois on February 26, 2020, as well as the Court's April 28, 2020 Order.

*Id.*

On July 16, 2020, the undersigned held a combined citation to discover assets hearing and a show cause hearing. (Doc. 16). Defendant Edwards appeared for the hearing. Defendant Edwards, however, did not bring any documents he was ordered to produce. Defendant Edwards acknowledged that he received the citations and that he knew such citations requested him to produce various documentation. Defendant

---

[1] The citations required the Defendants to appear before the Court on March 30, 2020 and to answer questions under oath regarding their personal and real property, as well as any indebtedness due to them. The citations also commanded the Defendants to produce records regarding their respective assets at the citation proceedings scheduled for March 30, 2020.

Edwards then indicated he was in the process of filing bankruptcy and requested 30 days to submit the documentation after he found an attorney. Plaintiff's counsel hesitated at consenting to the 30 days given that there was some concern over the potential dissipation of assets in light of Defendant Edwards's intent to file bankruptcy. Despite the fact that Defendant Edwards did not bring the required documentation, Plaintiff's counsel asked for permission to proceed with the hearing and examine Defendant Edwards about his assets, which the Court permitted.

Defendant Edwards began to answer a few biographical questions under oath, but he refused to answer any questions about his assets after Plaintiff's counsel started to inquire about vehicles he currently owns. The Court admonished him that the citation required him to submit to an examination. Defendant Edwards still refused to answer any further questions saying he did not want to do so without the assistance of an attorney. The Court indicated that he did not have the right to refuse to answer any questions unless his answers could incriminate him. Defendant Edwards said that his answers would not incriminate him. The Court again admonished Defendant Edwards that if he refused to answer these questions under oath, the undersigned would recommend to the district court that he be held in contempt. Defendant Edwards persisted in his refusal, and as such, the undersigned found Defendant Edwards to be in contempt of court and directed Plaintiffs to file a brief regarding fees and costs. *Id.*[2]

---

[2]   On July 21, 2020, Plaintiffs filed the brief (Doc. 18).

Clearly, all four factors for a finding of contempt has been established through Defendant Edwards's conduct in and throughout this case. First, both the April 28, 2020 Order and the June 24, 2020 Show Cause Order set forth unambiguous commands to appear and produce documentation; second, Defendant Edwards violated the Show Cause Order by refusing to produce the documents and refusing to respond to questions regarding his assets; third the violation was significant; and fourth Defendant Edwards failed to make a reasonable and diligent effort to comply. Thus, the undersigned found Defendant Edwards in contempt and recommends that Judge Gilbert finds the same. Further, based on Defendant Edwards' conduct the undersigned recommends that Judge Gilbert enter the following in the contempt order:

A.   Commanding Edwards to produce the records enumerated in the Edwards Citation to counsel for the Plaintiffs/Judgment Creditors at 311 S. Wacker Drive, Suite 1050, Chicago, Illinois 60606 within ten (10) days of the order;

B.   Commanding Edwards to produce the records enumerated in the ESI Citation to counsel for the Plaintiffs/Judgment Creditors at 311 S. Wacker Drive, Suite 1050, Chicago, Illinois 60606 within ten (10) days of the order;

C.   Imposing a $100.00 per day penalty, payable to the Plaintiffs/Judgment Creditors, for each day that the records are not received by counsel for the Plaintiffs/Judgment Creditors beyond the 10-day period for production;

D. Commanding Edwards to pay $2,830.30 in attorney's fees and costs incurred by the Plaintiffs/Judgment Creditors related to the appearance on July 16, 2020, preparation for the hearing and judgment debtor exam, and preparation of the memorandum regarding contempt within ten (10) days of the order; and

E. Commanding Edwards to appear and answer questions in a court reported Judgment Debtor Examination regarding the assets of Edwards and ESI to be conducted via remote means.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004). Objections to the Report are due on or before **August 5, 2020**.

**IT IS SO ORDERED**.

DATED: July 22, 2020.

Digitally signed by Judge Sison
Date: 2020.07.22 15:27:25 -05'00'

**GILBERT C. SISON**
United States Magistrate Judge