IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IRON WORKERS OF ST. LOUIS DISTRICT COUNCIL PENSION TRUST, IRON WORKERS OF ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST, and IRON WORKERS OF ST. LOUIS DISTRICT COUNCIL WELFARE PLAN, Plaintiffs, v. EDWARDS STEEL INC. and CHRISTOPHER EDWARDS, Defendants. | Case No. 20–MC–00001–JPG–GCS |

**ORDER**

This is a post-judgment action. Before the Court is Magistrate Judge Gilbert Sison's Report & Recommendation ("R. &. R."). (ECF No. 19). For the reasons below, the Court:

- **ADOPTS** Magistrate Judge Sison's R. &. R;

- **ORDERS** Defendant Edwards to produce the records enumerated in the Edwards Citation to counsel for the Plaintiffs/Judgment Creditors at 311 S. Wacker Drive, Suite 1050, Chicago, Illinois 60606, <u>within ten days</u>;

- **ORDERS** Defendant Edwards to produce the records enumerated in the ESI Citation to counsel for the Plaintiffs/Judgment Creditors at 311 S. Wacker Drive, Suite 1050, Chicago, Illinois 60606, <u>within ten days</u>;

- **ORDERS** Defendant Edwards to pay $2,830.30 in attorney's fees and costs incurred by the Plaintiffs/Judgment Creditors related to the appearance on July 16, 2020, preparation for the hearing and judgment debtor exam, and preparation of the memorandum regarding contempt <u>within ten days</u>;

- **ORDERS** Defendant Edwards to pay a $100.00 per-day penalty, payable to the Plaintiffs/Judgment Creditors, for each day that the records are not received by counsel for the Plaintiffs/Judgment Creditors beyond the 10-day period for production; and

- **ORDERS** Defendant Edwards to appear and answer questions in a court-reported Judgment-Debtor Examination regarding the defendants' assets to be conducted via remote means.

## I. PROCEDURAL & FACTUAL HISTORY

In February 2020, the plaintiff-funds registered with this Court a default judgment entered in the Eastern District of Missouri. (ECF No. 1). The default judgment was "against Defendant Edwards Steel, Inc. in the amount of $29,891.69 . . . and against Defendants Edwards Steel, Inc. and Christopher Edwards, jointly and severally, in the amount of $300,160.10." (*Id.* at 2). The case was automatically referred to Magistrate Judge Sison because it is a "supplemental proceeding[] to discover assets and aid execution of [a] judgment[] in [a] civil case[] pursuant to Federal Rule of Civil Procedure 69." *See* SDIL-LR 72.1(a)(6).

The plaintiff-funds served the defendants with citations to discover assets, (ECF Nos. 12-1, 12-2); and Judge Sison ordered the litigants to appear for a judgment-debtor examination, (ECF No. 13). The defendants, however, refused to produce the records requested in the citations. (ECF No. 15). As a result, Magistrate Judge Sison ordered Defendant Edwards "to appear . . . and show cause as to why he should not be held in contempt . . . ." (*Id.*).

Defendant Edwards appeared for the combined judgment-debtor examination and show-cause hearing, but he still did not produce the requested records. (ECF No. 16).

> Defendant Edwards acknowledged that he received the citations and that he knew such citations requested him to produce various documentation. Defendant Edwards then indicated he was in the process of filing bankruptcy and requested 30 days to submit the documentation after he found an attorney. Plaintiff's counsel hesitated at consenting to the 30 days given that there was some concern over the potential dissipation of assets in light of

— 2 —

> Defendant Edwards's intent to file bankruptcy. Despite the fact that Defendant Edwards did not bring the required documentation, Plaintiff's counsel asked for permission to proceed with the hearing and examine Defendant Edwards about his assets, which the Court permitted.
>
> Defendant Edwards began to answer a few biographical questions under oath, but he refused to answer any questions about his assets after Plaintiff's counsel started to inquire about vehicles he currently owns. The Court admonished him that the citation required him to submit to an examination. Defendant Edwards still refused to answer any further questions saying he did not want to do so without the assistance of an attorney. The Court indicated that he did not have the right to refuse to answer any questions unless his answers could incriminate him. Defendant Edwards said that his answers would not incriminate him. The Court again admonished Defendant Edwards that if he refused to answer these questions under oath, the undersigned would recommend to the district court that he be held in contempt. Defendant Edwards persisted in his refusal, and as such, the undersigned found Defendant Edwards to be in contempt of court and directed Plaintiffs to file a brief regarding fees and costs.

(ECF No. 19). Accordingly, Magistrate Judge Sison asks the Court to adopt his findings, hold Defendant Edwards in contempt, and order compliance with the citations. (*Id.*). No objection was made.

## II.     LAW & ANALYSIS

A magistrate judge can "conduct hearings, including evidentiary hearings, and . . . submit . . . proposed findings of fact and recommendations" for a district judge's disposition. 28 U.S.C. § 636(b)(1)(B). The district judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1)(C). "[A] party that disagrees with a magistrate judge's report and recommendation . . . must file 'written, specific objections' to the report." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). But "[i]f no objection . . . is made," then "the district court judge reviews those unobjected portions for clear error." *Id.*

"Civil contempt is 'a unique civil sanction because its aim is both coercive and compensatory.'" *S.E.C. v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010) (quoting *Prima Tek II, LLC v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008)). It is appropriate when "clear and convincing evidence" shows "that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *Id.*

Magistrate Judge Sison says that civil contempt is appropriate here:

> Clearly all four factors for a finding of contempt has been established through Defendant Edwards's conduct in and throughout this case. First, both the April 28, 2020 Order and the June 24, 2020 Show Cause Order set forth unambiguous commands to appear and produce documentation; second, Defendant Edwards violated the Show Cause Order by refusing to produce the documents and refusing to respond to questions regarding his assets; third the violation was significant; and fourth Defendant Edwards failed to make a reasonable and diligent effort to comply.

(ECF No. 19).

The Court agrees and finds that the R. & R. is not clearly erroneous.

## III.  CONCLUSION

The Court:

- **ADOPTS** Magistrate Judge Sison's R. &. R;

- **ORDERS** Defendant Edwards to produce the records enumerated in the Edwards Citation to counsel for the Plaintiffs/Judgment Creditors at 311 S. Wacker Drive, Suite 1050, Chicago, Illinois 60606, <u>within ten days</u>;

- **ORDERS** Defendant Edwards to produce the records enumerated in the ESI Citation to counsel for the Plaintiffs/Judgment Creditors at 311 S. Wacker Drive, Suite 1050, Chicago, Illinois 60606, <u>within ten days</u>;

- **ORDERS** Defendant Edwards to pay $2,830.30 in attorney's fees and costs incurred by the Plaintiffs/Judgment Creditors related to the appearance on July 16, 2020, preparation for the hearing and judgment debtor exam, and preparation of the memorandum regarding contempt <u>within ten days</u>;

- **ORDERS** Defendant Edwards to pay a $100.00 per-day penalty, payable to the Plaintiffs/Judgment Creditors, for each day that the records are not received by counsel for the Plaintiffs/Judgment Creditors beyond the 10-day period for production; and

- **ORDERS** Defendant Edwards to appear and answer questions in a court-reported Judgment-Debtor Examination regarding the defendants' assets to be conducted via remote means.

**IT IS SO ORDERED.**

**Dated: Tuesday, April 13, 2021**

<u>S/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**